**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SYED ALI,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 19 C 6148** |
| **VOLKSWAGEN GROUP OF AMERICA, INC., d/b/a AUDI OF AMERICA, INC., and AUDI AG, a foreign organization,** | ) | **Magistrate Judge Finnegan** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Syed Ali has filed this products liability suit against Defendants Volkswagen Group of America, Inc., improperly named as Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. (hereinafter "Volkswagen"), and Audi AG, a foreign organization, seeking damages for injuries he suffered when the Audi Q5 vehicle he was driving struck a piece of debris on the road and ignited into flames. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Currently before the Court is Volkswagen's motion to dismiss Plaintiff's claims for breach of implied warranties and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, pursuant to Rules 12(b)(6) and 9(b). For the reasons stated here, the motion is granted.

**BACKGROUND**

The events giving rise to this lawsuit occurred in July 2017, when Plaintiff was driving an Audi Q5 (the "Subject Vehicle") on a flat and smooth roadway in DuPage County, Illinois. After the vehicle struck a piece of debris on the road, the car ignited into

flames "without warning," resulting in "multiple injuries" to Plaintiff. (Doc. 26, FAC, ¶¶ 7, 8). About two years later, on July 5, 2019, Plaintiff filed suit in Illinois state court charging Volkswagen with negligence, breach of implied warranties of merchantability and fitness, manufacturing and design defects, and failure to warn. (Doc. 1-1). Volkswagen removed the case to federal court on September 13, 2019 based on diversity jurisdiction, noting that Plaintiff is a citizen of Illinois, while Volkswagen is a New Jersey corporation with its principal place of business in Virginia. (Doc. 1 ¶¶ 5, 6).

During a hearing on November 5, 2019, the district judge granted Plaintiff's oral motion for leave to amend the complaint in lieu of responding to a motion to dismiss filed by Volkswagen. (Doc. 23). Plaintiff filed his First Amended Complaint ("FAC") on November 19, 2019, once again asserting claims for negligence (Counts I and VII), breach of the implied warranties of merchantability and fitness (Counts II and III), and strict product liability based on design and manufacturing defects and failure to warn (Counts IV, V and VI). Plaintiff also added a new claim for violation of the ICFA (Count VIII), and named German automobile manufacturing company, Audi AG, and the car dealership where the car was purchased, McGrath Imports, Inc. ("McGrath"), as Defendants. On September 3, 2020, the district judge determined that McGrath was not properly joined in the case and dismissed the dealership without prejudice. *Ali v. Volkswagen Group of Am., Inc.*, No. 19 C 6148, 2020 WL 5250669 (N.D. Ill. Sept. 3, 2020).

Volkswagen has answered Plaintiff's negligence claims but seeks dismissal of all other counts. This opinion addresses the motion to dismiss the warranty and fraud claims.

## DISCUSSION

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Jauquet v. Green Bay Area Catholic Educ., Inc.*, 996 F.3d 802, 807 (7th Cir. 2021). *See also Zahn v. North Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017). "[W]hile a complaint does not need 'detailed factual allegations,' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *See also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). "At the motion to dismiss stage, plaintiffs must set forth 'adequate factual detail to lift [their] claims from mere speculative possibility to plausibility." *Jauquet*, 996 F.3d at 807.

### A. The ICFA Claim (Count VIII)

The Court begins with Volkswagen's motion to dismiss Plaintiff's ICFA claim. The ICFA is "a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). To state a claim under the Act, Plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and

(4) actual damage to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 149, 776 N.E.2d 151, 160 (2002). *See also Maxwell as Trustee for Estate of Garcia v. Wells Fargo Bank, N.A.*, No. 20 C 2402, 2021 WL 1209023, at *7 (N.D. Ill. Mar. 31, 2021).

Volkswagen argues that dismissal of the ICFA claim is warranted because Plaintiff's allegations fail to satisfy the heightened pleading requirements of Rule 9(b), he is not a "consumer" under the Act, and he cannot prove that he suffered actual damages.

**1. Rule 9(b)**

The parties do not dispute that the sufficiency of Plaintiff's fraud allegations under the ICFA must be "analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Rule 9(b) requires a pleading to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "This means as a practical matter that [Plaintiff] must identify the 'who, what, when, where, and how' of the alleged fraud." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019)). The particularity requirement "is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). *See also Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748-49 (7th Cir. 2005) (the particularity requirement "forces the plaintiff to conduct a careful pretrial investigation" and minimizes the "extortionate impact that a baseless claim of fraud can have on a firm or an individual.").

The district judge has already determined that Plaintiff's allegations do "not come close to the who, what, where, when, and how standard under Rule 9(b)" for purposes of stating an ICFA claim against McGrath. *Ali*, 2020 WL 5250669, at *5.[1] That is, Plaintiff "did not allege any facts about the actual purchase of the car, nor did he plead any facts about the actual misrepresentations McGrath made at the time of purchase." *Id*. Though Rule 9(b) "does not require the plaintiff to offer evidence that the misrepresentations were actually false, it does generally require 'the plaintiff to state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Id*. (quoting *Camasta*, 761 F.3d at 737).

This Court finds the district judge's analysis well-reasoned, persuasive and equally applicable to Plaintiff's allegations against Volkswagen. The FAC cannot survive a motion to dismiss because Plaintiff has failed to plead with particularity the misrepresentations Volkswagen made to him upon which he relied. The question is whether Plaintiff should be granted leave to amend. "The district court should freely give leave to amend a complaint 'when justice so requires.'" *Glover v. Carr*, 949 F.3d 364, 367 (7th Cir. 2020) (quoting FED. R. CIV. P. 15(a)(2)). At the same time, leave to amend may be denied if the amendment would be futile. *Id*. An amendment is futile when it could not withstand a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend." *Runnion*

[1] The district judge held that Plaintiff's lack of a viable ICFA claim against McGrath indicated that Plaintiff's motive in joining the car dealership was improper. *Ali*, 2020 WL 5250669, at *2-5.

*ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (emphasis in original).

Volkswagen argues that amendment would be futile because Plaintiff has not "set forth new or additional facts he might allege that would possibly cure the[] pleading deficiencies." (Doc. 83, at 2). This is true, but it does not alone demonstrate that Plaintiff *cannot* allege additional facts to support his ICFA claim. Though it is difficult to imagine that Plaintiff will be able to identify specific misrepresentations Volkswagen allegedly made to him given that there is no evidence the company was involved in the sale of the Subject Vehicle, the Court cannot say with absolute certainty that Plaintiff will be unable to do so. For this reason, Volkswagen's motion to dismiss the ICFA claim pursuant to Rule 9(b) is granted without prejudice. Plaintiff may amend Count VIII to state a viable claim, if he can do so and comply with Rule 11.

**2. Plaintiff's Status as a Consumer Who Suffered Actual Damage**

Volkswagen argues that dismissal is also warranted because Plaintiff is not a consumer as defined by the Act and so did not suffer any actual damage. As a general rule, "plaintiffs invoking the Fraud Act must allege that they are 'consumers' under the Act." *Ali*, 2020 WL 5250669, at *3. A consumer is defined as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). The Act grants a cause of action to "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person." *Blankenship v. Pushpin Holdings, LLC*, 157 F. Supp. 3d 788, 792 (N.D. Ill. 2016) (quoting 815 ILCS 505/10(a)). The term "person" includes both natural persons and businesses. *Ali*, 2020

WL 5250669, at *3 (citing *Bank One Milwaukee v. Sanchez*, 336 Ill. App. 3d 319, 323, 783 N.E.2d 217, 221 (2d Dist. 2003)). *See also* 815 ILCS 505/1(c).

Volkswagen argues that Plaintiff cannot satisfy the "consumer" requirement because he did not purchase the Subject Vehicle. This Court agrees, once again adopting the district judge's persuasive reasoning in finding that Plaintiff did not state a viable ICFA claim against McGrath. The FAC alleges that McGrath "sold to Plaintiff the subject vehicle," and that "Plaintiff is an individual who acquired the subject vehicle by purchasing it from Defendant McGrath." (Doc. 26, FAC, ¶¶ 4, 64). In its joinder briefs, Plaintiff did not dispute that the Subject Vehicle was titled to, and so owned by Homebound Physicians, LLC, a corporation that is not mentioned in the FAC. *Ali*, 2020 WL 5250669, at *4. As the district judge observed:

> [Plaintiff] does not plead any facts as to the actual *purchase* of the car. Nor does he fully explain his relationship to the company that owned the car, Homebound Physicians. In his response filings, Ali implies that he owns the business, but even that is not clear. R. 41 at 9 ("The Act includes the Plaintiff regardless of how his car is titled because it encompasses any conduct by him *for his business*") (emphasis added); R. 56 at 11 ("[A]s is clear, McGrath sold the vehicle to the Plaintiff personally, and whether the representations was [sic] made to him personally or as an agent, the omissions and misrepresentations were made to him personally.").

*Id*. (emphasis in original).

Plaintiff argued to the district judge, as he argues here, that the mere fact that Homebound Physicians owned the title to the Subject Vehicle was irrelevant because the ICFA covers both natural persons and businesses, and Plaintiff was an agent of the business. The district judge disagreed, noting that "just because the Fraud Act covers corporate entities, the correct legal entity still must bring the cause of action in any specific case. A natural person cannot simply stand in for a business in bringing a claim if the

natural person is not otherwise a 'consumer' under the Act." *Id*. As the judge explained, since Plaintiff "simply does not allege any facts to suggest that he personally *purchased* the vehicle," he "is the wrong party to bring a claim." *Id*. (emphasis in original).

Plaintiff has not added any new allegations to the FAC since the district judge's decision, and the actual purchaser of the Subject Vehicle remains at best unclear. Indeed, Plaintiff claims in his brief both that he is "the person who bought the car" (Doc. 76, at 5), and that "Homebound Physicians, LLC was the actual purchaser."[2] (*Id*. at 6). On this record, Plaintiff has not stated a claim for relief under the ICFA as a "consumer" of the Subject Vehicle. The Court notes that if Plaintiff cannot establish that he purchased the Subject Vehicle personally (i.e., not as a representative of Homebound Physicians), then he also will be hard-pressed to show that he personally suffered a pecuniary loss when it was destroyed. *See Camasta*, 761 F.3d at 739 (quoting 815 ILCS 505/10a and *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010)) ("When the plaintiff is a private party as [Plaintiff] is here, an action brought under the ICFA requires the plaintiff to show he suffered 'actual damage' as a result of the defendant's violation of the act. . . . [T]he element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'").[3]

---

[2] In its motion to dismiss, Volkswagen cites two documents attached to its Subject Matter Jurisdiction Position Statement concerning joinder of McGrath. (Doc. 72, at 3). The first document is a Title Record for the Subject Vehicle, identifying VW Credit Leasing Ltd. as the leaseholder and Homebound Physicians LLC as the lessee. (Doc. 38-3). The second document is an Illinois State Police Report concerning the vehicle fire, which likewise identifies VW Credit Leasing Ltd. as the car's owner and Homebound Physicians LLC as the lessee. (Doc. 38-4, at 3). This Court has not considered these extraneous documents in ruling on the motion to dismiss. *Jacobs v. City of Chicago*, 215 F.3d 758, 765-66 (7th Cir. 2000) (when a party seeking dismissal under Rule 12(b)(6) submits materials outside the pleadings, such as a police report, the court must either exclude the materials or convert the motion to one for summary judgment).

[3] The Court recognizes that Plaintiff claims to have suffered personal injuries when the Subject Vehicle ignited, but the ICFA provides a statutory remedy for fraud, not a remedy for personal injury. *Ali*, 2020 WL 5250669, at *4.

Plaintiff argues that even if he is not a consumer, he can still bring an ICFA claim by satisfying the "consumer nexus test." (Doc. 76, at 5). The consumer nexus test "permits an ICFA claim where a plaintiff 'alleges conduct [that] involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns.'" *Mighty v. Safeguard Properties Mgmt., LLC*, No. 16 C 10815, 2017 WL 3922130, at *3 (N.D. Ill. Sept. 7, 2017) (quoting *Thrasher-Lyon v. Ill. Famers Ins. Co.*, 861 F. Supp. 2d 898, 912 (N.D. Ill. 2012)).[4] "To satisfy the consumer nexus test at the pleading stage, a plaintiff must plead '(1) that its actions were akin to a consumer's actions to establish a link between it and consumers; (2) how defendant's representations concerned consumers other than plaintiff; (3) how defendant's particular action involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers.'" *CHS Acquisition Corp. v. Watson Coatings, Inc.*, No. 17 C 4993, 2018 WL 3970137, at *12 (N.D. Ill. Aug. 20, 2018) (quoting *Thrasher-Lyon*, 861 F. Supp. 2d at 912). Plaintiff claims that he meets this test because "[his] use of the vehicle purchased by [Homebound Physicians] was akin to a typical consumer's actions for such a product; Defendants' representations that the vehicle was safe for ordinary use concerns all consumers, not just Homebound Physicians; Defendants' breach involved consumer protection concerns based on the safety risks to all consumers, and the physical injury

[4] Illinois courts are split as to whether the consumer nexus test applies to claims by individual as well as business non-consumers. *See Bank One Milwaukee*, 336 Ill. App. 3d at 322, 783 N.E.2d at 220 (recognizing "a line of cases denying standing to plaintiffs where it was determined that they were not consumers" and "another line of cases . . . that allows a plaintiff to maintain a cause of action under the Act despite the fact that the plaintiff is not a consumer as defined by the Act."). For purposes of Volkswagen's motion to dismiss, this Court assumes that the test may be applicable to Plaintiff's claim. *See, e.g., Mighty*, 2017 WL 3922130, at *4 (applying consumer nexus test in denying motion to dismiss individual plaintiff's ICFA claim); *Griffin v. Safeguard Properties Mgmt., LLC*, No. 18 C 5755, 2019 WL 3252217, at *2 (N.D. Ill. July 19, 2019) (same); *Breeze v. Bayco Prods. Inc.*, 475 F. Supp. 3d 899, 906-07 (S.D. Ill. 2020) (same).

suffered by Ali; and Plaintiff's requested relief would serve the interests of consumers by discouraging [sic] future safety warranties, and by providing the current injured Plaintiff with some form of relief." (Doc. 76, at 6).

Volkswagen does not respond to this argument in its reply brief or deny the potential applicability of the consumer nexus test in this case. As stated previously, it is difficult to imagine that Plaintiff will be able to identify specific misrepresentations Volkswagen allegedly made to him given that there is no evidence the company was involved in the sale of the Subject Vehicle. If Plaintiff has a good faith basis for amending the FAC to include such misrepresentations from Volkswagen, then he also must either set forth facts indicating that he purchased the Subject Vehicle as a consumer or add allegations demonstrating that Volkswagen's misrepresentations implicate consumer protection concerns that satisfy the consumer nexus test. *See, e.g., Mighty*, 2017 WL 3922130, at *4 (allowing ICFA claim to proceed under the consumer nexus test where the plaintiff alleged "more than 200 accusations against Safeguard from people in Illinois.").

**B. The Implied Warranty Claims (Counts II and III)**

Volkswagen next seeks dismissal of Plaintiff's implied warranty claims. Under the Uniform Commercial Code ("UCC"), codified in Illinois at 810 ILCS 5/2-101 *et seq*., "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 810 ILCS 5/2-314. In addition, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose." 810 ILCS 5/2-315.

Volkswagen argues that Plaintiff's claims for breach of the implied warranties of merchantability and fitness for a particular purpose must be dismissed because he has not, and cannot, allege privity of contract with Volkswagen. Generally speaking, privity is "[t]he connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or piece of property)." *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 910 n.7 (N.D. Ill. 2013) (quoting Black's Law Dictionary 1320 (9th ed. 2009)). Vertical privity is "[t]he legal relationship between parties in a product's chain of distribution." *Id*. *See also Cameron v. Battery Handling Sys., Inc.*, __ F. Supp. 3d __, 2021 WL 918060, at *2 (C.D. Ill. Mar. 10, 2021) (quoting *Szajna v. General Motors Corp.*, 115 Ill.2d 294, 307, 503 N.E.2d 760, 765 (1986)) ("Vertical privity refers to the relationship between those who are in the distributive chain."). For example, "[a] consumer seeking to sue a product manufacturer who was not involved in the sale of the product to the consumer is said to lack vertical privity with that manufacturer." *Id*. (citing *Reed v. City of Chicago*, 263 F. Supp. 2d 1123, 1124 n.1 (N.D. Ill. 2003)). Horizontal privity "refers to those who are not in the distributive chain of a product but who, nonetheless, use the product and retain a relationship with the purchaser, such as a member of the purchaser's family." *Cameron*, __ F. Supp. 3d __, 2021 WL 918060, at *2 (quoting *Szajna*, 115 Ill. 2d at 307, 503 N.E.2d at 765). "[W]hen a user of a product, aside from the consumer, is injured, that user is said to lack horizontal privity with the product manufacturer." *Reid*, 964 F. Supp. 2d at 910 n.7.

Neither party acknowledges that the concept of privity encompasses these two distinct elements, or frames their arguments in terms of vertical versus horizontal privity. The Court has done its best to parse the arguments into the proper categories.

**1. Vertical Privity**

In Illinois, "whether a complaint bringing claims for breach of the implied warranty of merchantability [and fitness for a particular purpose] must plead vertical privity to survive a motion to dismiss depends on the nature of the injury alleged." *Cameron*, __ F. Supp. 3d __, 2021 WL 918060, at *3. Where a plaintiff alleges only economic damages, "he or she must be in vertical privity of contract with the seller," meaning "only the immediate seller may be sued." *Id*. *See also Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525-26 (7th Cir. 2003) (citing *Rothe v. Maloney Cadillac, Inc.*, 119 Ill. 2d 288, 292, 518 N.E.2d 1028, 1029-30 (1988)) ("Under the law of Illinois, privity of contract is a prerequisite to recover economic damages for breach of implied warranty."). On the other hand, where a plaintiff seeks to recover for personal injuries, there is no such requirement: "[p]rivity is not required 'when a buyer who has sustained personal injury predicates recovery against a remote manufacturer on the theory of implied warranty.'" *Bd. of Educ. of City of Chicago v. A, C and S, Inc.*, 131 Ill.2d 428, 461, 546 N.E.2d 580, 595 (1989) (quoting *Szajna*, 115 Ill.2d at 301, 503 N.E.2d at 763).

In arguing for dismissal based on lack of vertical privity, Volkswagen focuses on the fact that it is not the seller of the Subject Vehicle. (Doc. 72, at 3; Doc. 83, at 3). Indeed, the FAC alleges that McGrath "sold . . . the subject vehicle in May 2017 that ignited into a fireball shortly thereafter." (Doc. 26, FAC, ¶ 4). As noted, however, this is only dispositive to a vertical privity analysis if Plaintiff is seeking purely economic damages. Here, Plaintiff alleges that he suffered "multiple injuries from the flames from the car." (*Id*. ¶ 8). Volkswagen simply ignores this allegation, along with the case law indicating that since Plaintiff is seeking to recover damages for personal injuries, and not

just economic damages, he is not required to allege that Volkswagen is the direct seller of the Subject Vehicle. Volkswagen's motion to dismiss Counts II and III for lack of vertical privity is denied.

**2. Horizontal Privity**

That does not end the Court's inquiry, however, because Plaintiff must still establish horizontal privity, i.e., that he purchased the Subject Vehicle. As noted earlier, the FAC alleges that McGrath "sold to Plaintiff the subject vehicle," and that "Plaintiff is an individual who acquired the subject vehicle by purchasing it from Defendant McGrath." (Doc. 26, FAC, ¶¶ 4, 64). The concept of horizontal privity is similar to the ICFA's requirement that Plaintiff be the "consumer" of the Subject Vehicle, and this Court once again agrees with the district judge's determination that the allegations in the FAC are not sufficient to demonstrate that Plaintiff purchased the car in his individual capacity, and not as a representative of Homebound Physicians. Volkswagen's motion to dismiss Counts II and III for lack of horizontal privity is therefore granted.

Plaintiff argues that even accepting that he was not a direct purchaser of the Subject Vehicle, horizontal privity is not required because he is a third-party beneficiary of the car. (Doc. 76, at 3). In support he cites *Whitaker v. Lian Feng Mach. Co.*, 156 Ill. App. 3d 316, 509 N.E.2d 591 (1st Dist. 1987), a case that considered the scope of warranty protection for third-party beneficiaries under UCC section 2-318.[5] The court first noted that section 2-318 establishes a "conclusive presumption that the purchaser who bargained for a warranty of safety sought the warranty on behalf of himself and 'any

---

[5] Section 2-318 extends warranty protection to "a certain class of non-privity persons in the horizontal chain of distribution who sustain personal injuries." *Lukwinski v. Stone Container Corp.*, 312 Ill. App. 3d 385, 390, 726 N.E.2d 665, 670 (1st Dist. 2000).

natural person who is in [his] family or household . . . or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods . . .'" *Id*. at 321, 509 N.E.2d at 595 (quoting 810 ILCS 5/2-318). The court then held that the warranty "extends to any employee of a purchaser who is injured in the use of the goods as long as the safety of that employee in the use of the goods was either explicitly or implicitly part of the basis of the bargain when the employer purchased the goods." *Id*. *See also Maldonado v. Creative Woodworking Concepts, Inc.*, 296 Ill. App. 3d 935, 938, 694 N.E.2d 1021, 1024 (3d Dist. 1998). According to Plaintiff, as in *Whitaker*, his safety was "an implicit part of the contract for purchase of the vehicle, since Homebound Physicians, LLC, a corporate entity, is not capable of using vehicles itself, but only through its agents, employees, or other representatives." (Doc. 76, at 3).

The problem for Plaintiff is that he still fails to articulate his precise relationship with Homebound Physicians. Though he suggests he may be an agent, employee or representative of the company, he does not clearly say so, or include any allegations to that effect in the FAC. This is significant because courts have found that "*Whitaker* and its progeny concern solely the situation where the injured party is an employee of the buyer." *Lukwinski v. Stone Container Corp.*, 312 Ill. App. 3d 385, 393, 726 N.E.2d 665, 672 (1st Dist. 2000). *See also Reed*, 263 F. Supp. 2d at 1125 ("The vast majority of cases examining the limits of section 2-318 in Illinois have dealt with the employment context, expanding the class of potential breach of warranty plaintiffs to employees of the ultimate purchaser."). Though "courts may enlarge the scope of section 2-318 where the circumstances of a case warrant," *Lukwinski*, 312 Ill. App. 3d at 393, 726 N.E.2d at 672, Plaintiff does not argue for such an extension here or otherwise explain how he is entitled

to warranty protection for injuries he allegedly sustained while driving a car that was purchased by Homebound Physicians. *See, e.g., Reed*, 263 F. Supp. 2d at 1125-26 (expanding coverage for breach of warranty claims under section 2-318 to mentally unstable detainee who used the allegedly defective product (a paper isolation gown purchased by the City of Chicago) to hang himself).

Volkswagen's motion to dismiss the implied warranty claims is granted. Plaintiff may amend the FAC only if he has a good faith basis for claiming that he qualifies as the "purchaser" of the Subject Vehicle, that he is an employee of Homebound Physicians which purchased the Subject Vehicle, or that the circumstances of this case otherwise support enlarging the scope of section 2-318 to cover him.

**3. Fitness for a Particular Purpose**

Though neither party raises this issue, the Court notes another problem with Plaintiff's claim for breach of an implied warranty of fitness for a particular purpose under section 2-315 (Count III). To state such a claim, Plaintiff must allege that "(1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *CHS Acquisition Corp.*, 2018 WL 3970137, at *6. Significantly, "[n]o warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product." *Id*. (quoting *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 804 (N.D. Ill. 2013)). *See also Wilson v. Massey-Ferguson, Inc.*, 21 Ill. App. 3d 867, 869-70, 315 N.E.2d 580, 582 (4th Dist. 1974). "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his

business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." *Gerk v. CL Med. Sarl*, No. 15-1145, 2015 WL 7002802, at *2 (C.D. Ill. Nov. 10, 2015) (quoting 810 ILCS 5/2-315).

Here, Plaintiff alleges generally that "Defendants impliedly warranted that it [sic] would provide goods fit for the particular purpose intended for which consumers, including Plaintiff, intended to use the goods." (Doc. 26, FAC ¶ 25). He also alleges that he was operating the Subject Vehicle "as intended" when the car ignited into flames. (*Id.* ¶ 26). What is missing are any allegations suggesting that Plaintiff intended to use the Subject Vehicle in some manner different from the car's ordinary purpose of driving, that Volkswagen knew of Plaintiff's plan to use the car for a non-ordinary purpose, or that Plaintiff relied on Volkswagen's skill and judgment to select a car suitable for that non-ordinary purpose.

If Plaintiff determines there are facts that reasonably support these allegations, he must clearly state them in any amended pleading. To the extent Plaintiff is simply alleging that the Subject Vehicle was not fit for the ordinary purpose of driving, meaning the car was not "in a safe condition and substantially free of defects," he is limited to pursuing his claim in Count II for breach of the implied warranty of merchantability. *Oggi Trattoria and Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 372 Ill. App. 3d 354, 361, 865 N.E.2d 334, 340-41 (1st Dist. 2007).

**CONCLUSION**

For the reasons set forth above, Defendant Volkswagen Group of America, Inc.'s Motion to Dismiss Counts II, III, and VIII of Plaintiff's First Amended Complaint [72] is granted without prejudice.

ENTER:

Dated: September 13, 2021

SHEILA FINNEGAN
United States Magistrate Judge